IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARGARET JENKINS-WILLIAMS,**

    **Petitioner,**

    **v.**                                         **Civil action no. 1:05CV1**
                                               **Criminal action no. 1:95CR2**
                                               **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER AFFIRMING REPORT AND RECOMMENDATION AND DISMISSING CASE

On January 3, 2005, *pro se* petitioner Margaret Jenkins-Williams filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. On November 3, 1995, she was sentenced to 235 months of incarceration following her conviction for conspiracy to possess with the intent to distribute dilaudid. In her motion, Jenkins-Williams asserts that as part of her sentence the district court imposed a 4-level enhancement for her role in the offense under the then mandatory United States Sentencing Guidelines. She argues that her sentence violated the rules subsequently announced by the United States Supreme Court in <u>Blakely v. Washington</u>, 524 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005).

By standing Order, the Court referred this matter to United States Magistrate Judge John S. Kaull. On July 26, 2005,

**Jenkins-Williams v. United States**                    1:95CR2
                                                          1:05CV1

**ORDER AFFIRMING REPORT AND RECOMMENDATION
AND DISMISSING CASE**

Magistrate Judge Kaull issued a Report and Recommendation (R&R) recommending that Jenkins-Williams motion be denied and dismissed with prejudice from the Court's docket.  In his R&R, the magistrate judge engaged in a lengthy analysis of the then relevant case law on the issue of Blakely/Booker retroactivity to cases on collateral review.  At the conclusion of that analysis, Magistrate Judge Kaull found that "the petitioner is not entitled to have Blakely/Booker applied retroactively to her sentence.  Therefore, the petitioner's § 2255 motion should be dismissed." (1:95CR2, Doc. No. 2 at 3.)  On August 8, 2005, Jenkins-Williams filed objections to the magistrate judge's R&R reasserting her arguments under Blakely/Booker.

The Fourth Circuit Court of Appeals has settled the issue of Booker's retroactivity in this circuit.  In United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), the court held:

> The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule.  Accordingly, the rule is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided.

Further, a conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari had elapsed . . . ." Teaque v. Lane, 489 U.S. 288, 295 (1989).

**<u>Jenkins-Williams v. United States</u>**  1:95CR2
  1:05CV1

# ORDER AFFIRMING REPORT AND RECOMMENDATION
# AND DISMISSING CASE

In this case, Jenkins-Williams' conviction became final well before the Supreme Court handed down the <u>Blakely</u> or <u>Booker</u> decisions. Following her November 3, 1995 sentencing, Jenkins-Williams appealed her conviction and sentence to the Fourth Circuit. On March 19, 1997, the Fourth Circuit affirmed her conviction and sentence. <u>United States v. Williams</u>, 108 F.3d 1375 (4th Cir. 1997). Thereafter, the United States Supreme Court denied her petition for writ of certiorari on June 27, 1997. <u>Williams v. United States</u>, 521 U.S. 1129 (1997).

Accordingly, the Court **AFFIRMS** the magistrate judge's R&R, **DENIES** Jenkins-Williams' § 2255 motion, and **DISMISSES WITH PREJUDICE** this case from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and mail a copy of this Order to the petitioner.

DATED: April 13, 2007.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE